UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CITY OF BRENTWOOD, MISSOURI, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) Case No. 4:05CV128 CDP |
| NORTHLAND INSURANCE COMPANY and ZURICH SPECIALTIES LONDON, LTD, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This insurance coverage dispute involves interpretation of two "claims made" policies. Zurich issued such a policy to Brentwood effective from July 1, 2001 to July 1, 2002. Northland's similar policy was effective from July 1, 2002 to July 1, 2003. Before the effective date of either policy, a former Brentwood employee filed charges of employment discrimination. These charges later led to a lawsuit, and ultimately to a jury verdict against the city. Both insurers denied coverage. The undisputed evidence shows that the employee's claim was not covered by either policy, because the claim predated the policies. I will therefore grant summary judgment to both insurance carriers.

## Background

The "claim" at issue in this dispute arose out of John Carron's employment discrimination charge against Brentwood. Carron alleged that Brentwood denied him a raise on account of his race and gender. On January 12, 2001, Carron filed a formal charge of discrimination with the Missouri Commission on Human Rights (MCHR) and the Equal Employment Opportunity Commission (EEOC). The MCHR informed Brentwood of Carron's charges by a letter dated January 24, 2006. Carron filed a second charge of discrimination against Brentwood with the MCHR and EEOC on May 15, 2001, alleging that Brentwood had retaliated against him for filing his previous charge. MCHR notified Brentwood of this second charge in a letter dated May 18, 2001.

In late February, 2002, the MCHR issued its findings of "No Probable Cause" for both of Carron's claims of discrimination. On April 29, 2002, the EEOC issued Carron a right-to-sue letter. Carron filed suit against Brentwood on July 29, 2002. Carron v. Brentwood, 4:02CV1141 JCH (E. D. Mo.). On January 9, 2004, a jury found for Carron and awarded him $53,309.77. The court also awarded Carron $2,121.65 in costs and $83,513.93 in attorneys fees.

The Zurich policy was effective from July 1, 2001 to July 1, 2002, and the Northland policy was effective from July 1, 2002 to July 1, 2003. Both were

"claims made" policies,[1] and both had provisions specifically excluding from coverage any claims pending before their effective dates, as well as any potential claims that were known to Brentwood before the effective dates. Although Brentwood knew of the MCHR and EEOC charges before the effective date of either policy, it did not seek to recover under either policy until shortly after suit was filed in federal court in July of 2002. In September, 2002, both insurers denied coverage for the wrongful acts alleged in the complaint.

Brentwood filed this suit on December 9, 2004. It seeks recovery for breach of contract and vexatious refusal to pay from both Zurich and Northland. Additionally, Brentwood seeks a declaratory judgment that the insurance policies provide coverage for the Carron lawsuit. All parties have filed motions for summary judgment, and all agree that no facts are in dispute.

## Discussion

All parties agree that Missouri law governs this dispute. In Missouri, "[I]nsurance policies are contracts, and the rules of contract construction

---

[1] The Missouri Supreme Court explains the significance of claims made policies as follows: "[o]ccurrence insurance policies generally provide coverage for an event that occurs during the policy period, regardless of when a claim is asserted. Claims made policies do not. Instead, claims made policies generally are triggered by the date the claim is made upon the insured." Wittner, Poger, Rosenblum & Spewak, P.C., et al. v. Bar Plan Mutual Ins. Co., 969 S.W.2d 749, 752 (Mo. 1998) (en banc) (emphasis omitted).

apply." Arberitman v. Monumental Life Ins. Co., 878 S.W.2d 915, 916 (Mo. Ct. App. 1994). The words of an insurance contract are given their ordinary meaning, unless the parties plainly intend for a technical meaning to apply. State Farm Fire & Cas. Co. v. Metcalf, by Wade, 861 S.W.2d 751, 755 (Mo. Ct. App. 1993) (internal citations omitted). "Absent an ambiguity, an insurance policy must be enforced according to its terms." Lang v. Nationwide Mut. Fire Ins. Co., 970 S.W.2d 828, 830 (Mo. Ct. App. 1998) (internal citations omitted). "Courts will not create an ambiguity in order to distort the language of an unambiguous insurance policy." Krombach v. Mayflower Ins. Co., Ltd., 827 S.W.2d 208, 210 (Mo. 1992) (en banc) (citations omitted).

Ambiguity "exists when there is duplicity, indistinctness or uncertainty in the meaning of the language used in the policy." Haggard Hauling & Rigging Co. v. Stonewall Ins. Co., 852 S.W.2d 396, 399 (Mo. Ct. App. 1993). Where provisions of an insurance policy are ambiguous, those provisions must be construed in favor of the insured. Krombach, 827 S.W.2d at 210. Finally, "[w]hether the language of an insurance contract is ambiguous is a question of law." St. Paul Fire and Marine Ins. Co. v. Missouri United School Ins. Council, 98 F.3d 343, 345 (8th Cir. 1996) (citing Haggard Hauling, 852 S.W.2d at 399).

Brentwood's primary argument in support of summary judgment is that both

the Zurich and Northland policies are ambiguous as a matter of law. Specifically, Brentwood contends that the interchangeable use of the terms "claim" and "suit" throughout both policies could lead one reasonable insured to believe that the terms are equal, "while another may reasonably believe that they carry distinct meanings." As is evident from Brentwood's briefs and oral argument, the municipality's ambiguity argument was crafted to refute Zurich and Northland's originally stated reason for denying coverage for Carron's lawsuit, which was lack of timely notice. If that were the issue in the case, an ambiguity such as Brentwood urges might excuse Brentwood's late notice to the carriers.

The timeliness of Brentwood's notice, however, is not the actual issue in this case. Instead, both insurers contend that they have no duty to indemnify Brentwood for Carron's lawsuit because of the condition precedent and pending and prior litigation exclusion clauses contained in both contracts. I agree that both of these provisions unambiguously preclude coverage for "claims," like Carron's, that arose out of matters or circumstances that predate the effective dates of the policies. Even if Brentwood had provided notice within either or both policy periods, there would be no coverage.

Both policies contain a condition precedent that precludes "claims" that Brentwood knew about or could have foreseen at the time it entered into the

insurance contracts. Each policy states that its coverage applies:

> . . . provided always that . . .
>
> As of the inception date of this policy, no Insured had any knowledge of any circumstance likely to result in or give rise to a "claim" nor could have reasonably foreseen that a "claim" might be made.

The policies also contain similar pending and prior litigation exclusions. Zurich's exclusion precludes coverage for:

> (1) any prior or pending "claim" or any matters or complaints before any local, state or federal board or commission or agency made against any insured prior to July 1, 2001, or
>
> (2) any fact, circumstance or situation underlying or alleged in such "claim" or mattter or complaint.

Northland's policy excludes coverage related to:

> 1. Any litigation initiated prior to or pending as of July 1, 2002;
>
> 2. Any matters before local, state or federal boards, commissions, administrative agencies or regulatory agencies as of July 1, 2002;
>
> 3. Any fact, circumstance or situation underlying or alleged in such litigation or matter.

Zurich and Northland contend that both the condition precedent and the prior and pending clauses preclude coverage for the Carron claim.

The undisputed facts demonstrate that as of the inception date of both policies, Brentwood knew about Carron's charges of discrimination filed with the

6

MCHR and EEOC. Under the plain language of the policies, the condition precedent was not met, because Brentwood could have reasonably forseen that a claim might be made arising from those charges. As of July 1, 2001, Brentwood had received two letters informing it that Carron had filed charges of discrimination with the MCHR and EEOC and that those government agencies were conducting investigations into the alleged acts of discrimination and retaliation. The letters included copies of Carron's charges, which clearly outlined the acts that Carron sought to challenge. Because the Carron claim was reasonably foreseeable at the inception of the policy, the condition precedent was not met and the claim was not covered under either policy.

Additionally, the Carron charges of discrimination fell within the prior and pending litigation clauses of both policies. Carron's charges filed with the MCHR and EEOC in the spring of 2001 clearly constitute "matters before local, state or federal boards." The MCHR and EEOC are state and federal commissions, respectively. Carron's charges of discrimination were both "matters" in the sense that the MCHR and EEOC took them under submission and conducted an investigation into the stated allegations. The plain language of the exclusions apply to the Carron matter.

Brentwood argues that neither the condition precedent nor the prior and

pending litigation clauses should be enforced, because the policies' use of "claim" is ambiguous. Brentwood argues that the policies' use of "claim" in conjunction with "suit" seemingly equates the two terms such that a reasonable policyholder might conclude that a "claim" was not made until a lawsuit was filed. If this interpretation were correct, Carron's "claim" would have first been made on July 29, 2002, within the Northland policy period. Alternatively, Brentwood argues that Carron's "claim" was first made upon receipt of the EEOC's right-to-sue letter on April 29, 2002, which is within the Zurich policy period.

I do not believe that either policy's definition of "claim" is ambiguous, or that the use of the term "suit" renders the policies ambiguous. When read in context, there is simply no language that would lead a reasonable policyholder to conclude that "claim" in either policy only applies to lawsuits actually filed in court. More importantly, even if one were to believe that a suit had to be filed, neither policy would provide coverage because of the exclusions discussed above. The ambiguity argument is a red herring: even if a reasonable policyholder could have thought a lawsuit had to be filed for a "claim" to arise, the suit would be precluded because a lawsuit was certainly forseeable before either policy was issued.

Brentwood also argues that it could not have reasonably foreseen that a "claim" might be made until the EEOC issued a right-to-sue letter. Brentwood

8

contends that because Carron could not have filed a lawsuit before he received the right-to-sue letter, his "claim was not forseeable." I find this argument unavailing as well. The language of the condition precedent does not apply to claims that Carron could or could not make at any given time. Rather, the condition applies to those "claims" that Carron <u>might</u> make. Brentwood's subjective belief concerning the likelihood of Carron filing a lawsuit is irrelevant under the plain language of the condition precedent. As other courts have noted, this language instructs the court to first look at the insured's subjective knowledge "and then the <u>objective</u> understanding of a reasonable attorney with that knowledge." <u>Coregis Ins. Co. v. Baratte & Fenerty, Ltd.</u>, 264 F.3d 302, 306 (3rd Cir. 2001) (emphasis added); <u>see also</u> <u>Wittner, Poger, Rosenblum & Spewak, P.C. v. Bar Plan Mutual Ins. Co.</u>, 969 S.W.2d 749, 754 (Mo. 1998) (en banc) (holding that regardless of the subjective belief of the insured, the record established a "basis to believe" that the insured had committed an act that could give rise to a claim under the policy).

Brentwood also argues that the exclusion clauses of both policies are against public policy and therefore should not be enforced. Brentwood contends that "[t]he ambiguity created by [both Zurich and Northland's policies] is against public policy in that a reasonable insured has no accurate understanding of exactly what notice is required of it." This argument misses the point. The policies are not ambiguous,

and notice is not at issue. Both exclusion clauses explicitly preclude coverage for pending matters regardless of whether Brentwood provided timely notice of the "claim." The alleged ambiguity does not affect one's understanding of the exclusion clauses. Any way one chooses to interpret the term "claim," the fact remains that Carron's lawsuit is still excluded from coverage under both policies, for two separate reasons.

Therefore,

**IT IS HEREBY ORDERED** that defendants Zurich Specialties London, LTD and Northland Insurance Company's motions for summary judgment [# 34, 40] are granted.

**IT IS FURTHER ORDERED** that plaintiff City of Brentwood, Missouri's motion for summary judgment [# 37] is denied.

A separate judgment is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of November, 2005.